IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGEL ANTONIO MENDOZA RIVAS,

      Petitioner,

v.                                                            No. 2:25-cv-01311-DHU-KK

KRISTI NOEM, Secretary of Homeland
Security; TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Director, El
Paso Field Office; PAMELA BONDI,
Attorney General, U.S. Department of Justice;
DORA CASTRO, Warden, Otero County
Processing Center,

      Respondents.

## ORDER DIRECTING CLERK TO SERVE RESPONDENTS AND FOR RESPONDENTS TO SHOW CAUSE

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition") filed December 29, 2025. Doc. 1. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 and requests, *inter alia*, that the Court order federal immigration officials to immediately release him from custody or, in the alternative, order the Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a) within fifteen days of entry of an order by the Court. *Id.* at 16 ¶¶ f-g.

The Rules Governing Section 2254 Cases ("Section 2254 Rules") permit district courts to "apply any or all of these rules to a habeas corpus petition not covered [under 28 U.S.C. § 2254]." SECT 2254 Rule 1(b); *see also Boutwell v. Keating*, 399 F.3d 1203, 1210–11 n.2 (10th Cir. 2005) (noting that Section 2254 Rule 1(b) grants district courts discretion to apply the Section 2254 Rules to § 2441 petitions). Section 2254 Rule 4 requires the clerk of the court to "serve a copy of the petition and any order on the respondent" once the court orders "the respondent to file an answer,

motion, or other response within a fixed time." SECT 2254 Rule 4.2.[1] To ensure service is perfected and that the matter can be heard on the merits as soon as possible, the Court will exercise its discretion in applying Section 2254 Rule 4 to this matter.

IT IS THEREFORE ORDERED that the Clerk of the Court shall serve copies of the Petition (Doc. 1) and this Order by certified mail upon[2]:

(1) U.S. Attorney's Office, Attn: Civil Process Clerk, 201 3rd Street NW, Suite 900, Albuquerque, NM 87102;

(2) Pamela Bondi, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001;

(3) Kristi Noem, Secretary of Homeland Security, Attn: Office of the General Counsel, U.S. Department of Homeland Security, 2707 Martin Luther King Jr. Ave SE, Washington, DC 20528-0485;

(4) Todd Lyons, Senior Official Performing the Duties of the Director, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900; and

(5) Mary De Anda-Ybarra, Field Office Director, El Paso Field Office, Attn: U.S. Immigration and Customs Enforcement, Office of the Principal Legal Advisor, 500 12th St. SW, Mail Stop 5900, Washington, DC 20536-5900.

---

[1] Summonses are not required under Section 2554 Rule 4.

[2] Federal regulations prescribe how the Department of Homeland Security and its officials may receive service of process. *See* 6 C.F.R. § 5.42; *see also* 6 C.F.R. pt. 5, subpart C, app. A.

(6) Dora Castro, Warden, Otero County Processing Center, 26 McGregor Range Rd., Chaparral, NM 88081-7753.

IT IS FURTHER ORDERED THAT Respondents shall respond to the Petition (Doc. 1) and show cause why it should not be granted within five days of receipt of service. In their response, Respondents must note whether they object to providing Petitioner with his immigration records relating to his prior and current detention, including any I-200 Warrant for Arrest, I-220A Order of Release on Recognizance, I-862 Notice to Appear, and any bond revocation decision. *See* Doc. 1 at 15-16 ¶ b. Petitioner's reply, if any, is due five days after the response is filed. The Court will set a hearing, if necessary.

IT IS SO ORDERED.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE