IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGEL ANTONIO MENDOZA RIVAS,

    Petitioner,

v.                                                                                          No. 2:25-cv-01311-DHU-KK

KRISTI NOEM, Secretary of Homeland
Security; TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Director, El
Paso ICE Field Office; PAMELA BONDI,
Attorney General, U.S. Department of Justice;
and DORA CASTRO, Warden, Otero County
Processing Center,

    Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Angel Antonio Mendoza Rivas' Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that he has been unlawfully detained without the opportunity for a bond hearing, in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.[1] *Id.* ¶¶ 47-50, 56-59. Petitioner asks this Court to order his immediate release from custody or, in the alternative, order Respondents to provide him with a bond hearing before an Immigration

---

[1] Petitioner also alleges that Respondents have unlawfully detained him in violation of their own regulations, and that he is a class member entitled to a bond hearing pursuant to the final judgment entered in the class action suit, *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Id.* ¶¶ 32-33, 51-55. However, because the Court grants Petitioner's Habeas Petition on his INA and Due Process claims, the Court "decline[s] to address the[se] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within fifteen (15) days. *Id.* at 16 ¶¶ f-g. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner Angel Antonio Mendoza Rivas' Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within seven (7) days.

## I.
## BACKGROUND

Petitioner Angel Antonio Mendoza Rivas is a citizen and native of Honduras who entered the United States without inspection in or around November 2018.[2] *Id.* ¶ 40.

Shortly after his entry, on December 8, 2018, Petitioner encountered United States Border Patrol ("USBP"), in Hidalgo, Texas, who issued Petitioner a Notice to Appear. Doc. 6-1 at 3. Two days later, on December 10, 2018, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226(a)(2)(B). Doc. 1 ¶¶ 35, 40; Doc. 1-1. As part of the Order of Release on Recognizance, Petitioner was required to complete check-ins with the Immigration and Customs Enforcement ("ICE") office in Newark, New Jersey, the office nearest to where he was residing. Doc. 1 ¶ 40; Doc. 1-1.

While released, Petitioner attended his required check-ins. Doc. 1-1 at 4. Petitioner also attempted to present himself at the Newark Immigration Court in Newark, New Jersey, but his Notice to Appear was never filed with the Court.[3] Doc. 1 ¶ 45. Petitioner established a life in the

---

[2] Both Petitioner's Notice to Appear and Record of Deportable/Inadmissible Alien indicate that the time and location of Petitioner's entry into the United States is unknown. Doc. 6-1 at 3; Doc. 6-2 at 1. Because Respondents have not disputed Petitioner's assertion that he entered in 2018, or offered evidence suggesting otherwise, the Court accepts Petitioner assertion as true.

[3] Respondents have not disputed Petitioner's assertion that he attempted to present himself at the Newark Immigration Court and that his Notice to Appear was never filed with the Court, nor have they offered evidence suggesting otherwise. The Court, therefore, accepts this assertion as true.

United States. *Id.* ¶ 41. He married, had two children, and eventually moved to Arlington, Virginia, with his family. *Id.* ¶¶ 41, 45.

Almost seven years later, on November 15, 2025, Petitioner was detained by ICE after a vehicle in which he was a passenger was stopped in Salisbury, Maryland. Doc. 1 ¶ 42; Doc. 6-1 at 3. Petitioner was issued a superseding Notice to Appear and placed in removal proceedings with the Hyattsville Immigration Court in Hyattsville, Maryland. Doc. 6-1 at 3; Doc. 6-2 at 1. Petitioner remained in ICE custody. Doc. 6-1 at 4. He was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. Doc. 1 ¶ 43.

On December 29, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Petitioner contends that he should be subject to ICE's general detention authority under 8 U.S.C. § 1226(a) because he is not seeking admission and is not an arriving alien, or, in the alternative, because his original Notice to Appear and previous Order of Release on Recognizance confirm that he is subject to § 1226. *Id.* ¶¶ 47-50. Petitioner further argues that, because he is subject to § 1226(a), he is entitled to a bond hearing. *Id.* Petitioner further alleges that, under a July 2025 ICE policy and the September 2025 Board of Immigration Appeals' ("BIA") decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), he was erroneously classified as an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225. *Id.* at 1-2, ¶¶ 20-31. Petitioner argues that he is entitled to a bond hearing under § 1226(a) and that Respondents' denial of such a hearing deprives him of his rights without due process of law. *Id.* at ¶¶ 47-50, 56-59. The Petition asks this Court to: (1) Issue an Order to Show Cause, ordering Respondents to justify the basis of Petitioner's detention in fact and in law; (2) Order Respondents to provide all immigration records relating to Petitioner's prior and current detention, including any I-200 Arrest Warrant, I-220A Order of Release on Recognizance, and I-862 Notice to Appear; (3) Enjoin Petitioner's

transfer outside of this judicial district pending this litigation; (4) Enjoin Respondents from re-arresting Petitioner subject to § 1225(b)(2); (5) Order Petitioner's immediate release him from custody; (6) Order, in the alternative, Petitioner's immediate release and that Respondents conduct a bond hearing for Petitioner pursuant to § 1226(a) within fifteen (15) days; (7) Grant the writ of habeas corpus and order Respondents to release Petitioner forthwith, upon payment of the bond ordered by the IJ; and (8) Award Petitioner his costs of suit. *Id.* at 15-16.

On January 14, 2026, USA Respondents filed their response. Doc. 6. On January 15, 2026, Warden Castro joined the response. Doc. 8 at 1. Respondents do not dispute the facts laid out in the Habeas Petition. *See* Doc. 6 at 2. Respondents also provided Petitioner and this Court with all immigration records relating to Petitioner's prior and current detention, including any I-200 Arrest Warrant, I-220A Order of Release on Recognizance, and I-862 Notice to Appear. *See* Docs. 6-1 through 6-2.

In their response, Respondents argue that Petitioner is appropriately classified under § 1225(b) pursuant to *Matter of Hurtado*. Doc. 6 at 1-2. Respondents assert that § 1226 governs the detention of noncitizens who lawfully entered the United States but are no longer lawfully present, *id.* at 8, whereas § 1225 applies to all noncitizens who enter the country without being admitted, *id.* at 6-7. Respondents further claim that *Matter of Hurtado*, which affirms the Respondents' interpretation, prevents an "'incongruous result' that rewards [noncitizens] who unlawfully enter the United States without inspection and subsequently evade apprehension for a number of years." *Id.* at 10 (citing *Matter of Hurtado*, 29 I&N Dec. at 228). Respondents also argue that the plain language of the INA mandates the detention of all noncitizens present in the United States without having been lawfully admitted and that "past practice does not justify disregard of clear statutory language." *Id.* at 11-12.

On January 19, 2026, Petitioner filed his reply. Doc. 9. In his reply, Petitioner argues that Respondents' interpretation of § 1225 is unsupported by the text of the statute, recent and historic case law, and longstanding agency practice. *Id.* at 2-9. Petitioner reiterates that his detention should be governed by § 1226, entitling him to a bond hearing. *Id.* at 9-11.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, the Court has already considered the statutory and constitutional issues raised by Petitioner in *Requejo Roman v. Castro*, --F. Supp. 3d--, 2026 WL 125681 (D.N.M. 2026), and *Velasquez Salazar v. Dedos*, --F. Supp. 3d--, 2025 WL 2676729 (D.N.M. 2025). The facts here are not materially different than those the Court analyzed in *Requejo Roman* and *Salazar.* Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and *Salazar*, as well as the decisions of virtually all other federal courts who have analyzed this issue,[4] the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Petitioner, who entered the country without inspection over seven years ago and has resided here ever since, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, see *Requejo Roman v. Castro*, --F. Supp. 3d at --, 2026 WL 125681, at *8-10.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge within **seven (7) days** of entry of this Order. If

---

[4] In their response, Respondents cite to four recent district court opinions adopting their interpretation of the INA's detention provisions. *See* Doc. 6 at 14-15 (citing *Vargas Lopez v. Trump*, --F.Supp.3d--, 2025 WL 2780351 (D. Neb. Sept. 30, 2025); *Chavez v. Noem*, --F.Supp.3d--, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025); *Mejia Olalde v. Noem*, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); and *Pena v. Hyde*, 2025 WL 2108913 (D. Mass July 28, 2025). However, as of late 2025, this Court had counted decisions from over 70 district courts, and one circuit court, rejecting Respondents' new interpretation of § 1225. Given the proliferation of these cases in federal courts around the country, that number may be an undercount—and has likely grown considerably since then.

Petitioner does not receive such a hearing on or before Tuesday, February 10, 2026, he shall be immediately released. At the bond hearing, the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Tuesday, February 10, 2026, confirming whether a bond hearing was held and the result of said hearing.

As for Petitioner's request to recover costs of suit, Petitioner may submit an application for such costs within thirty (30) days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than fourteen (14) days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE