IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGEL ANTONIO MENDOZA RIVAS,

    Petitioner,

v.                                                                                                No. 2:25-cv-01311-DHU-KK

KRISTI NOEM, Secretary of Homeland
Security; TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Director, El
Paso ICE Field Office; PAMELA BONDI,
Attorney General, U.S. Department of Justice;
and DORA CASTRO, Warden, Otero County
Processing Center,

    Respondents.

## ORDER DENYING MOTION TO ENFORCE

THIS MATTER comes before the Court on Petitioner Angel Antonio Mendoza Rivas' Motion to Enforce ("Motion") the Court's Order ("Order") Granting Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 12. Having considered Petitioner's briefing and the relevant law, the Court **DENIES** Petitioner's Motion.

On February 3, 2026, the Court issued an Order Granting Petitioner's Habeas Petition in part, and ordered "Respondents to provide Petitioner with a bond hearing before an [Immigration Judge ("IJ")] pursuant to 8 U.S.C. § 1226(a) within seven (7) days." Doc. 11 at 2. The Court further ordered that, at the bond hearing, "the [G]overnment [] bear[ed] the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or danger to the community in order to justify continued detention." *Id.* at 7.

1

On February 5, 2026, Respondents provided Petitioner with a bond hearing at the Otero Immigration Court in Chaparral, New Mexico, before IJ Ralph Girvin. Doc. 12-1. IJ Girvin denied Petitioner bond. *Id.* at 1.

On that same date, Petitioner submitted the present Motion, arguing that, at the bond hearing, IJ Girvin failed to shift the burden of proof to the Government, as required by this Court's Order. Doc. 12 at 2. Petitioner requests that the Court order Respondents to provide a second bond hearing within one (1) business day, with the Court-ordered burden of proof to be applied, and that, if the hearing is not provided, the Court order Petitioner's release within one (1) business day. *Id.* at 2-3. In the alternative, Petitioner requests that the Court order Respondents to show cause why they should not be held in contempt for violating this Court's Order. *Id.* at 3. Finally, Petitioner requests an expedited decision on his Motion, as he is scheduled for an Individual Hearing at the Otero Immigration Court on February 10, 2026. *Id.* at 2.

The Court has reviewed Petitioner's evidence from the bond hearing and finds that IJ Girvin did not fail to shift the burden of proof to the Government as required by it's Order. According to the Affidavit of the counsel that represented Petitioner at the bond hearing, IJ Girvin, at the beginning of the hearing, expressly "acknowledged the burden-shifting provision of [this Court's Order] and asked for the [G]overnment's argument." Doc. 12-2 at 1 ¶ 4. The Government conceded that Petitioner was not a danger to the community. *Id.* The Government then, through Petitioner's filed Application for Asylum, argued that Petitioner was a flight risk given the weakness of his asylum claim. *Id.* IJ Girvin agreed with the Government's position, finding that "the [G]overnment proved by clear and convincing evidence that [Petitioner] is a flight risk." *Id.*

at 2 ¶ 7.[1] IJ Girvin ultimately denied bond, listing as reasons, "flight risk, final hearing in [five (5)] days, potentially asylum barred, very poor and extremely questionable and speculative form of relief dating back more than [twelve (12)] years." Doc. 12-1 at 1.

To the extent that Petitioner believes that IJ Girvin's ultimate decision on bond was erroneous, the proper avenue for relief would be to file an appeal with the Board of Immigration Appeals ("BIA"). This Court declines to step into the shoes of the BIA and review the merits of IJ Girvin's decision.

For the reasons stated above, Petitioner's Motion to Enforce is **DENIED**.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[1] IJ Girvin also considered Petitioner's argument that he could be released to his niece, who would sponsor him and ensure that he would attend future immigration hearings. Doc. 12-2 at 1 ¶ 3, 2 ¶ 6. The IJ found Petitioner's niece questionable. Doc. 12-1 at 1.